IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GLENN GUILLORY JR. | § | |
| v. | § | CIVIL ACTION NO. 6:06cv268 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Glenn Guillory Jr., proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Guillory states that he received a disciplinary case, apparently for possession of a weapon. He says that prison officials "used him as bait" to catch sexual predators and then told him to "do whatever he had to do" to protect himself, so he possessed the weapon "out of necessity." He asserted that he received inadequate representation from his counsel substitute, and appropriate procedures were not followed, and that the conditions of confinement on the Michael Unit are unconstitutional. As punishment for the case, Guillory says that he received 45 days of cell and commissary restrictions, 15 days of solitary confinement, and the loss of 730 days of good time. He also indicated that he was placed in administrative segregation, although this is a non-punitive states. Guillory says that he was convicted of aggravated robbery, which makes him ineligible for release on mandatory supervision.

After review of the pleadings in the case, the Magistrate Judge issued a Report on July 25, 2006, recommending that the petition be denied. The Magistrate Judge concluded, citing <u>Sandin</u>

v. Conner, 115 S.Ct. 2293, 2301 (1995) that Guillory failed to show that he had been deprived of a constitutionally protected liberty interest as a result of the punishments imposed in the case. Consequently, the Magistrate Judge concluded that Guillory's petition lacked merit on its face.

Guillory filed objections to the Magistrate Judge's Report on August 7, 2006, but stated in these objections that he had not received a copy of this Report; he only knew of its existence from the fact that he got a copy of the docket sheet on August 3. He says that his claims have merit because the violations rise to the level of a "fundamental defect," and that dismissal of his petition would be a "complete miscarriage of justice." These objections were dated August 3, 2006. On August 4, 2006, Guillory received a copy of the Magistrate Judge's Report.

On August 16, 2006, Guillory filed a motion for extension of time in which to file his objections. This motion was granted and Guillory was given until October 6, 2006, in which to file additional objections; however, he has not done so.

A review of the objections which Guillory did file shows that they are without merit. It is true that these objections were filed before Guillory received a copy of the Report, and the Court recognizes that he obviously was in no position to respond specifically to the Magistrate Judge's proposed findings or conclusions at the time that he drafted these objections. However, his contention that the violations rise to the level of a "fundamental defect" and that dismissal of his petition would amount to "a complete miscarriage of justice" lack merit because he did not show the deprivation of a constitutionally protected liberty interest. Furthermore, as set out above, Guillory had ample time in which to file objections after receiving his copy of the Magistrate Judge's Report on August 4, but simply did not do so.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the objections which were received from the Petitioner, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 19th day of October, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE